*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-037

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Catamount/Riverside Co. | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Civil Division |
| | } | |
| The Kea Group, LLC | } | DOCKET NO. S1552-08 CnC |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Tenant, The Kea Group, LLC, appeals from the trial court's decision granting summary judgment to landlord, Catamount/Riverside Co., in this commercial lease dispute. We affirm.

Landlord sued tenant for, among other things, recovery of holdover rent pursuant to a commercial lease agreement. Tenant filed counterclaims. In an April 2010 order, the court granted partial summary judgment to landlord, holding that tenant was liable under the lease's holdover clause for double rent. The court relied on the following undisputed facts. In November 2005, the parties entered into a thirty-four month lease to rent commercial space in Winooski. The lease specifically provided that "no subsequent alteration, amendment, change or addition" to the lease would be binding unless reduced to writing and "signed by the party against whom such alteration, amendment, change or addition is to be enforced." It also contained a holdover clause, which provided as follows:

> If Tenant remains in possession of the Leased Premises or any part thereof, after expiration of the term hereof or after the termination of the Lease for default, no renewal or extension of this Lease shall result therefrom unless Landlord agrees in writing to such possession and Landlord and Tenant agree in writing to the terms and conditions of such renewal or extension. If Landlord shall not consent to Tenant remaining in possession of the Leased Premises . . . or if the Landlord and Tenant cannot agree in writing to the terms and conditions of renewal or extension . . . then Tenant shall be a tenant at will . . . and Tenant hereby agrees that such tenancy at will shall be upon all the same terms, conditions, and covenants of this Lease, except that the "Base Annual Rent" in effect immediately before expiration of the term of the Lease . . . shall be doubled.

Additionally, the lease provided that "[n]o covenant, term or condition of this Lease shall be deemed to have been waived by Landlord unless such waiver be in writing" and "[t]he subsequent acceptance of rent or other sums hereunder by Landlord shall not be deemed to be a waiver of any preceding breach by Tenant of any term, covenant or condition of this Lease."

The court found that throughout the lease period, the parties negotiated several changes to the amount of lease space, sometimes executing written and signed addenda to the lease and other times agreeing to modify the lease through email. In April and May 2008, the parties began discussing tenant's future space needs in anticipation of the expiration of the lease on September 1, 2008. The court found, however, that the parties did not agree to extend the lease agreement. Tenant continued to pay rent, and on September 30, 2008, tenant notified landlord in writing that it would vacate the rental space by October 31, 2008.

As relevant here, the court concluded that tenant was liable for double holdover rent for the two month period between September and October 2008 under the plain terms of the lease. It found that landlord had not waived the right to invoke the holdover clause because the lease specifically provided that any waiver must be in writing. The court did not find the holdover clause to be unreasonable in a commercial lease situation where re-rental could be time-consuming. It thus granted partial summary judgment to landlord. The court later denied tenant's motion for reconsideration and denied tenant's counterclaims, including its promissory estoppel claim. This appeal by tenant followed.

On appeal, we review a grant of summary judgment using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate "when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Id.; see also V.R.C.P. 56(c). Summary judgment was properly granted to landlord here.

Tenant first argues that landlord waived the holdover provision in the lease by accepting rent from tenant and by allowing tenant to remain on the premises in September and October 2008. As the trial court found, however, the lease agreement specifically stated that no waiver of the terms of the agreement would occur unless waived by landlord in writing; it also stated that the acceptance of rent would not be deemed a waiver. The agreement did not require landlord to invoke the holdover clause at the time it accepted tenant's rent. The plain and unambiguous language of the lease defeats tenant's waiver claim. See Isbrandtsen v. N. Branch Corp., 150 Vt. 575, 578 (1988) (court will enforce plain and unambiguous agreements as written). The court similarly did not err in finding, as provided in the lease, that because the parties were unable to agree on an extension of the lease, tenant became a tenant at will and was obligated to pay double rent.

Tenant next argues that its promissory estoppel claim should be tried to a jury. It states that material facts are at issue, although it does not identify what those facts might be. As the trial court explained, a claim for promissory estoppel requires "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance." Foote v. Simmonds Precision Prods. Co., 158 Vt. 566, 73 (1992) (quotation omitted). Once this showing is made, promissory estoppel "is available only when it is necessary to avoid injustice." In re Rosenberg, 2010 VT 76, ¶ 16, 188 Vt. 598. Tenant argued below, as it does on appeal, that landlord broke two promises: (1) that it would give neighboring tenants short leases; and (2) that it would give tenant a written, signed one-year lease. In rejecting tenant's claim, the trial court properly applied the "well-established rule that promissory estoppel will not apply when the relationship of the parties is governed by a contract." LoPresti v. Rutland Reg'l Health Servs., Inc., 2004 VT 105, ¶ 47, 177 Vt. 316. As the trial court found, the lease mandated that tenant would be considered a tenant at will under the holdover clause unless the applicable agreements, or waiver, were in writing. The relationship between the parties, in this regard, was therefore governed by the lease, and tenant cannot assert a promissory estoppel claim. Finally, we do not address tenant's

claim of implied waiver, or equitable estoppel, because it was not raised below. See <u>Bull v. Pinkham Eng'g Assocs.</u>, 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). We find no error in the court's decision.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice